**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Glynis Brooks,<br><br>        Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC,<br><br>        Defendant. | No. CV-17-00569-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Partial Judgment on the Pleadings. (Doc. 21). For the reasons discussed below, the Court denies the motion.

**BACKGROUND**

Plaintiff Glynis Brooks received a letter from Wells Fargo on August 31, 2015 stating that her credit account "has been settled for less than the full balance" and "[n]o further liability remains with our company." (Doc. 1 at 12). Nearly one year later, Defendant Equifax sent Ms. Brooks an "Equifax Credit Report" that listed her Wells Fargo account as having a delinquent, unpaid balance. (Doc. 1 at 15–16). On August 23, 2016, Ms. Brooks requested that Equifax investigate and correct the mistake. (Doc. 1 at 14). On September 20, 2016, Equifax responded to Ms. Brooks' request and maintained that the credit report correctly listed the delinquent balance at Wells Fargo. (Doc. 1 at 19–20).

Ms. Brooks filed a lawsuit on January 26, 2017 in an Arizona Justice Court alleging that Equifax failed to comply with the Fair Credit Report Act, codified in 15

U.S.C. § 1681 *et seq.* (Doc. 1 at 8). Equifax successfully removed to federal court. (Doc. 1 at 1–2). In compliance with a court order, the parties conferred to determine whether an amended complaint could cure a deficient pleading. They failed to reach a consensus, and Equifax filed this Motion for Partial Judgment on the Pleadings. (Doc. 21).

**DISCUSSION**

**I.　Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(c), a court may properly grant a motion for judgment on the pleadings "when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995); *Fajardo v. Cty. Of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). To survive a Rule 12(c) motion, a plaintiff must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court generally may not consider matters outside the pleadings without converting the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). However, the court may "consider documents on which the complaint necessar[ily] relies." *Rosa v. Cutter Pontiac Buick GMC of Waipahu, Inc.*, 120 Fed. Appx. 76, 77 (9th Cir. 2005) (finding that a sales contract and its addendum were documents upon which the complaint necessarily relied).

**II.　Analysis**

Federal law requires credit reporting agencies to follow reasonable procedures when preparing a consumer report. 15 U.S.C. § 1681e(b). To make a prima facie case under § 1681e(b), a plaintiff "must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citation omitted). Even if a credit agency generates an inaccurate report, it can escape liability if it followed reasonable procedures. *Id.* Whether the credit agency followed reasonable procedures "will be jury questions in the overwhelming majority of cases." *Id.*

Concerning the question of whether a plaintiff must show that the credit agency distributed the credit report to a third party, the Ninth Circuit stated that "[n]o court has held that the prima facie case required that an inaccurate report was ever disseminated." *Trans Union Credit Information Co.*, 45 F.3d at 1333 n.3. *See also Ottiano v. Credit Data Southwest, Inc.*, 54 Fed.Appx. 640 (9th Cir. 2003) (describing *Trans Union Credit Information Co.* holding as "neither the transmission of the report to third parties, nor a denial of credit, is a prerequisite to recovery under the FCRA").[1] Therefore, a plaintiff need not show that a credit agency disseminated a credit report to a third party to establish a prima facie case.

Ms. Brooks' pleading is based on two Equifax credit reports that erroneously consider her previously resolved debt to Wells Fargo. These reports "tend[] to show that a credit reporting agency prepared a report containing inaccurate information." *Trans Union Credit Information Co.*, 45 F.3d at 1333. These reports are sufficient for a prima facie case, and Mr. Brooks need not show that Equifax disseminated a credit report to a third party. The Court denies Defendant's Motion for Partial Judgment on the Pleadings.

**IT IS THEREFORE ORDERED** that Defendant Equifax Information Service's Motion for Partial Judgment on the Pleadings, (Doc. 21), is **DENIED**.

Dated this 3rd day of January, 2018.

_____
Honorable G. Murray Snow
United States District Judge

---

[1] On at least two other occasions in Ninth Circuit district courts, Equifax has unsuccessfully argued that the FCRA requires a plaintiff to show that the credit reporting agency distributed a consumer report to a third party. *See Cairns v. GMAC Mortg. Corp.*, 2007 WL 735564 at *3 (D. Ariz. March 5, 2007) ("the Court concludes that despite [Equifax's] assertion otherwise, the fact that Plaintiffs did not present evidence that the reports were given to third parties does not preclude Plaintiff from surviving summary judgment"); *Sanchez v. Department Stores Bank*, 2017 WL 5138294 at *2 (S.D. Cal. Nov. 6, 2017) ("In any event, under Ninth Circuit case law, transmission of a consumer report to a third party is not a prerequisite to establishing liability under § 1681e(b)").